IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BERNIE L. LEBS, | ) |
| Plaintiff, | ) |
| vs. | ) Docket No._____ |
| ESSEX TECHNOLOGY GROUP, INC., | ) Judge:_____ |
| | ) Magistrate Judge:_____ |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, by and through counsel and for cause of action against the Defendant, would respectfully state as follows:

### PARTIES

1.   Plaintiff Bernie L. Lebs is a citizen of the United States, who resides in Smyrna, Tennessee, Rutherford County. Plaintiff was employed by Defendant Essex Technology Group, Inc. (hereinafter "Essex").

2.   Defendant Essex, is a for profit entity with its principal place of business being 455 Industrial Boulevard, Suite C, La Vergne, Tennessee 37086. Defendant employs over five hundred (500) people. Defendant can be served through its Registered Agent, Taylor B. Mayes, 150 4th Avenue North, Suite 1200, Nashville, Tennessee 37219.

### JURISDICTION AND VENUE

3.   This action is brought under the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*, as amended.

4.   Plaintiff filed a charge of discrimination with the EEOC and received a right to sue letter, and has met all the conditions precedent to bringing this action.

5. Venue is proper as the Defendant is a resident of this district and/or all the acts or omissions which give rise to this cause of action occurred within this district.

## FACTUAL ALLEGATIONS

6. Defendant is a person within the meaning of the ADAAA.

7. Plaintiff is a qualified individual with the disability within the meaning of the ADAAA, or was perceived by his employer to have the same. Plaintiff is an individual with a disability who, with reasonable accommodation, could have performed the essential functions of his former position with Defendant employer.

8. That at all relevant times, Plaintiff's disabilities prevent him from enjoying one or more major life activities. As such, Plaintiff is an individual with a disability as that term is defined in the ADAAA or he was perceived to be the same by his employer.

9. Defendant is an employer within the meaning of ADAAA. At all times, Plaintiff was discriminated and retaliated against in his employment based on his disability or perceived disability.

10. Plaintiff was hired with Defendant on October 8, 2012 as a Procurement Specialist, which was the same title he held at the time of his termination.

11. In or around July 18, 2012, Plaintiff lived in New Hampshire and applied for a position with Essex. On July 19, 2012, Robert Echols (owner) responded to Plaintiff's email asking if Plaintiff would consider relocating to Tennessee. Plaintiff advised he would relocate and Mr. Echols stated he was going to speak with Eric Crawford (owner).

12. In or around August 22, 2012, Mr. Echols requested an updated resume from Plaintiff by email. Mr. Crawford also called Plaintiff and talked to him about a position at Essex. Plaintiff advised Mr. Crawford during this conversation of his alcoholism and knee injury.

13. On or around August 27, 2012, Mr. Crawford emailed Plaintiff and asked him to fly to Nashville for an interview during the week of September 24, 2012. On September 6, 2012, Plaintiff received an email informing him of his flight information and hotel reservations for the interview. Plaintiff also received an email from Mr. Crawford providing website links to apartments in the Nashville area to review.

14. On September 27, 2012, Plaintiff received an email from Mr. Crawford and Mr. Echols extending an offer of employment to Plaintiff with Essex. An email was sent on September 28, 2012 to many Essex's employees advising Plaintiff would have a start date of October 8, 2012.

15. On or about October 1, 2012, Essex requested Plaintiff's bank account information and wired money into Plaintiff's bank account for relocation expenses. Plaintiff arranged for his cable and electric to be set up and signed a nine (9) month lease.

16. On or about October 6 and 7, 2012, Plaintiff drove a moving truck and trailer from New Hampshire to Tennessee. On October 7, 2012, Plaintiff met with Mr. Crawford at the warehouse and was given items to furnish his apartment, which was part of the job offer.

17. On or about October 8, 2012, Plaintiff arrived to work early and met with Mr. Crawford, wherein Plaintiff and Mr. Crawford toured the warehouse and then attended meetings regarding inventory. Plaintiff set up his office and completed his required employment documents.

18. At the end of Plaintiff's first day at work, Mr. Crawford advised Plaintiff to take a couple of days to get his move situated. Plaintiff took October 9th and 10th off from work to do the same.

19. On or about October 10, 2012, Plaintiff was at home with a friend from out-of-town who had brought a bottle of wine for dinner. Plaintiff had some wine, which was the first time in over six (6) weeks. Around 7:30 p.m., Mr. Crawford called Plaintiff and demanded Plaintiff to come to the front gate of the complex.

20. Plaintiff advised Mr. Crawford that he could not walk to the gate to meet him because it was a-half-a-mile walk and in his knee brace it would be difficult. Mr. Crawford demanded Plaintiff to come to the front gate to take a breathalyzer. After discussions back and forth, Mr. Crawford advised Plaintiff not to come into work on October 11, 2012 and advised he [Mr. Crawford] would call Plaintiff.

21. On October 11, 2012, Mr. Crawford called Plaintiff and terminated him.

22. Plaintiff's termination was because of his disability.

23. Plaintiff filed his EEOC Charge and was issued his Right to Sue letter.

## COUNT ONE

### Violations of the Americans with Disabilities Act, as amended,

24. Plaintiff incorporates herein by reference the factual allegations outlined in Paragraphs 1 through 25.

25. Defendant employer is a person within the meaning of Section of 101(7) of the ADA, 42 U.S.C. Section 12111(7).

26. The conduct described herein constitutes unlawful discriminatory practices on the part of Defendant in violation of the Americans with Disabilities Act, as amended, which provides for the recovery of compensatory and punitive damages in cases of intentional violations of the Americans with Disabilities Act, as amended.

27. The conduct described herein constitutes an unlawful hostile work environment on the part of Defendant.

28. Defendant is an individual with a disability as defined by the Americans with Disabilities Act, as amended.

29. Plaintiff's disabilities substantially limited his ability to perform his job compared to other employees having comparable training, skills and abilities.

30. Defendant's employees were aware of Plaintiff's disabilities and Plaintiff was regarded as having a disability by his employer.

31. Although Plaintiff had known physical limitations and was an otherwise qualified individual with a disability, Defendant failed to make reasonable accommodations to Plaintiff.

32. Having been hired by Defendant based on Plaintiff's qualifications to be a Procurement Specialist, Plaintiff was otherwise qualified for the position, with or without reasonable accommodations.

33. By terminating Plaintiff's employment, Defendant did segregate or classify Plaintiff based upon his disability, or a perceived disability, in a way that denied employment opportunities to Plaintiff who is otherwise a qualified individual with a disability.

34. Defendant's decision to terminate Plaintiff and treat him less favorably than his non-disabled counterparts resulted from a knowing and intentional pattern of discrimination in violation of the Americans with Disabilities Act, as amended.

35. As a direct and proximate result of Defendant's violation of the Americans with Disabilities Act, as amended, Plaintiff has suffered and continues to suffer distress, humiliation, embarrassment, emotional pain and other damages.

WHEREFORE, Plaintiff prays:

1. For a jury to be empanelled and a judgment of compensatory damages to include front pay, back pay and emotional suffering;

2. Punitive damages;

3. Attorney's fees and the cost of litigation to include expert fees;

4. Damages for humiliation and embarrassment;

5. Damages for outrageous conduct and malicious harassment;

6. All other remedies and injunctions as are necessary and proper to eliminate the discriminatory practices of Defendant;

7. A judgment against Defendant for prejudgment interest; and

8. Such other relief as this Court deems proper.

Respectfully submitted,

**ALLMAN & ASSOCIATES**

Andy L. Allman, BPR No. 17857
103 Bluegrass Commons Blvd.
Hendersonville, Tennessee 37075
Phone: (615) 824-3761
Fax: (615) 264-2720
andylallman@comcast.net